SUMMARY ORDER
Appellant David Trautenberg seeks review of two orders of the district court (Daniels, J.). The first dismissed his complaint with prejudice pursuant to Fed. R.Civ.P. 12(b)(6), and the second denied his motions for reconsideration and for leave to amend. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of issues for review.
Trautenberg worked as a retail financial consultant for Citigroup subsidiary Salo-mon Smith Barney (together, “Citigroup”). In 2002, Citigroup became the subject of numerous regulatory investigations regarding the alleged dissemination of false and misleading research, conflicts of interest between its research analysts and investment banking business, and other misconduct. As a result, Citigroup became the focus of numerous civil litigations, with Paul, Weiss, Rifkind, Wharton, Garrison LLP, undertaking Citigroup’s representation. Between 2002 and 2004, Citigroup paid Paul Weiss in excess of $100 million in fees. Trautenberg was named as an individual defendant in several of these litigations. Paul Weiss eventually assumed Trautenberg’s defense in those liti-gations in addition to the representation of Citigroup.
In June 2003, Citigroup and Trauten-berg began negotiating a separation agreement, wherein Trautenberg would end his employment and leave his book of business behind. Trautenberg alleges that in connection with the various lawsuits, Paul Weiss lawyers extensively interviewed Trautenberg and obtained, subject to the attorney-client privilege, substantial amounts of information directly related to Trautenberg’s employment at Citigroup, including knowledge about Trautenberg’s personal financial, business and family situation. In September, 2003, Trautenberg hired two attorneys to represent him in connection with his separation from Citigroup. Trautenberg alleges that using SSB’s own internal model for recruiting brokers from competitors, his book of business was valued at over $25 million.
Trautenberg alleges that at some point in late 2003 or early 2004, while continuing to represent him in various litigation matters, Paul Weiss began secretly advising Citigroup regarding Trautenberg’s termination. Trautenberg objected to Paul Weiss’s involvement, but alleges Paul Weiss told him that he would be “better off’ with Paul Weiss involved. Trauten-berg alleges that as a result of Paul Weiss’ misconduct, he lost substantial negotiating leverage and was forced to end his employment with Citigroup for a $5 million separation payment, substantially less than the $25 million that his book of business was worth.
We review a district court’s decision on the motions for reconsideration and amendment for abuse of discretion. Jones v. N.Y. State Division of Military and *474 Naval Affairs, 166 F.3d 45, 49 (2d Cir. 1999) (denial of motion for leave to amend); Devlin v. Transp. Communications Int’l Union, 175 F.3d 121, 131-32 (2d Cir.1999) (motion for reconsideration pursuant to Fed.R.Civ.P. 59(a)).
Given that Trautenberg did not move for leave to replead in opposition to Paul Weiss’ motion to dismiss his original complaint with prejudice, the district court did not abuse its discretion by failing to grant him, sua sponte, leave to replead. See Horoshko v. Citibank, N.A., 373 F.3d 248, 249 (2d Cir.2004) (plaintiffs’ contention “that the District Court abused its discretion in not permitting an amendment that was never requested is frivolous”); Anatian v. Coutts Bank (Switzerland) Ltd., 193 F.3d 85, 89 (2d Cir.1999) (“we will not deem it an abuse of the district court’s discretion to order a case closed when leave to amend has not been sought”) (internal quotation and citation omitted).
“A party seeking to file an amended complaint post-judgment must first have the judgment vacated or set aside pursuant to Fed.R.Civ.P. 59(e) or 60(b).” Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir.2008). “Unless there is a valid basis to vacate the previously entered judgement, it would be contradictory to entertain a motion to amend the complaint.” Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240, 245 (2d Cir.1991). “Of course, in view of the provision in Rule 15(a) that ‘leave [to amend] shall be freely given when justice so requires,’ it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment.” Id. (internal citation omitted); see also Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).
“To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’ ” Ashcroft v. Iqbal, — U.S. -, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009)(internal citation omitted). “A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a ‘probability requirement,’ but it asks for more than a sheer possibility that a defendant has acted unlawfully.” Id. (internal citation omitted).
To state a claim for breach of fiduciary duty, plaintiff must allege “(1) the existence of. a fiduciary relationship; (2) a knowing breach of a duty that relationship imposes; and (3) damages suffered.” Carruthers v. Flaum, 388 F.Supp.2d 360, 381 (S.D.N.Y.2005). The district court correctly found that Trautenberg failed to state a claim for breach of fiduciary duty because (1) standing alone, Paul Weiss’s disciplinary rule violation does not create a cause of action for breach of fiduciary duty, see Ulico Cas. Co. v. Wilson, Elser, Moskowitz, Edelman & Dicker, 56 A.D.3d 1, 9-10, 865 N.Y.S.2d 14 (1st Dept.2008) (stating that “any act of disloyalty by counsel will also comprise a breach of fiduciary duty owed to the client” and citing “Code of Professional Responsibility DR 5-105 [22 NYCRR 1200.24]”); and (2) Trautenberg failed to plead facts sufficient to support his allegations that “but for” the actions of Paul Weiss, he would not have sustained damages. By undertaking to represent Citigroup in its negotiations with Trautenberg, Paul Weiss arguably took on a position adverse to its own client in violation of its ethical obligations. New York state law, however, does not provide Trautenberg ■with a claim to obtain legal redress for this ethical breach. The allegations of the proposed Amended Complaint fail to identify *475 what information Paul Weiss obtained from Trautenberg that Citigroup would not otherwise have access to. Even if we were to assume arguendo that the proposed Amended Complaint properly pleaded a breach of fiduciary duty, the proposed Amended Complaint fails to adequately plead causation. For the same reasons, Trautenberg’s proposed cause of action for constructive fraud also fails.
We have examined the remainder of Trautenberg’s claims and we find them without merit.
Accordingly, the judgment of the district court hereby is AFFIRMED.