373 F.3d 248
 Valentine HOROSHKO and Roger Horoshko, Plaintiffs-Appellants,
v.
CITIBANK, N.A., Trustee-Appellee,
Chase Manhattan Mortgage Corporation, Charles G. Stiene, David Goldstein, Joan Marie Durante, Supreme Court of the State of New York, Michael Armstrong, Superintendent of Banking of New York State, Defendants-Appellees.
 Docket No. 03-7388.
 United States Court of Appeals, Second Circuit.
 Argued: May 7, 2004.
 Decided: July 1, 2004.
 
 Valentine Horoshko, pro se, North Miami, FL, for Plaintiffs-Appellants.
 M. John Pittoni, Garden City, NJ, for Defendants-Appellees Citibank, N.A., Trustee, and Chase Manhattan Mortgage Corp.
 Robert D. Aronin, Mineola, NY, for Defendant-Appellee Charles G. Steine.
 Before: OAKES, B.D. PARKER, Circuit Judges, KORMAN,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs-Appellants Valentine Horoshko and Roger Horoshko appeal from a judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., Judge) dismissing as frivolous their complaint, which asserted claims under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961-1968, and the Civil Rights Act, 42 U.S.C. § 1985, against Citibank, N.A., Chase Manhattan Mortgage Corporation, and others. The Horoshkos are defendants in a separate foreclosure action brought by Citibank in the Supreme Court of the State of New York, County of Queens. Following an unsuccessful effort to have the foreclosure action permanently removed to the United States District Court for the Eastern District of New York, the Horoshkos filed the complaint underlying this appeal, alleging that Appellees are part of a RICO enterprise that harassed and intimidated individuals who do not perform on mortgages held by Citibank and Chase. The District Court found the Horoshkos' substantive claims to be "[f]rivolous or [m]alicious," Horoshko v. Citibank, N.A., No. 02-CV-6089 (SJ), slip op. at 2 (E.D.N.Y. Mar. 3, 2003), and their claim of diversity jurisdiction to be "frivolous" as well, id. at 6. The Court consequently dismissed the complaint, and noted that "any appeal from this Order would not be taken in good faith." Id.
 
 
 2
 On appeal, the Horoshkos raise two issues. First, they argue that the District Court abused its discretion by not granting them leave to file an amended complaint. Second, they contend that the District Court erred in finding diversity jurisdiction absent.
 
 
 3
 Turning to the first issue, the record before us does not indicate that the Horoshkos requested an opportunity to file an amended pleading in the District Court. On appeal, furthermore, the Horoshkos fail to disclose what additional allegations they would make which might lead to a different result. See, e.g., Nat'l Union of Hosp. & Health Care Employees v. Carey, 557 F.2d 278, 282 (2d Cir.1977). Instead, they simply make the conclusory assertion that "the complaint can be amended to state a valid claim under the RICO Act." Appellants' Br. at 5. Because an amendment is not warranted "[a]bsent some indication as to what appellants might add to their complaint in order to make it viable," Nat'l Union of Hosp. & Health Care Employees, 557 F.2d at 282, the District Court was under no obligation to provide the Horoshkos with leave to amend their complaint, much less provide such leave sua sponte. The Horoshkos' contention that the District Court abused its discretion in not permitting an amendment that was never requested is frivolous. With respect to the Horoshkos' second claim concerning diversity jurisdiction, this issue is immaterial since the District Court's dismissal was based on the frivolous nature of the Horoshkos' substantive claims rather than any perceived lack of jurisdiction.
 
 
 4
 Our consideration of this appeal convinces us that it is yet another example of Appellants' repeated and meritless efforts to delay the foreclosure proceedings. The District Court noted that the Horoshkos filed a virtually identical complaint in the United States District Court for the Southern District of Ohio. See Horoshko, supra, at 2 n. 1. That complaint was dismissed, and the dismissal was affirmed on appeal by the United States Court of Appeals for the Sixth Circuit. It also appears that the Horoshkos have litigated three separate state actions, and initiated three federal appeals, all in connection with their foreclosure. See Letter Br. of Defs.-Appellees Citibank, N.A., Trustee and Chase Manhattan Mortgage Corp. of 5/13/04, at 3.
 
 
 5
 It is well-established that "[a]lthough a party which loses in the district court has the right to pursue any and all bona fide arguments upon appeal, the right to an appeal does not grant a party a license to clog the appellate docket by advancing meritless arguments for the sole purpose of harassing the prevailing party and subjecting it to undue time and expense." Rodriguez Alvarez v. Bahama Cruise Line, Inc., 898 F.2d 312, 317 (2d Cir.1990). In view of the Horoshkos' dogged pursuit of their frivolous claims, both in this Court and others, we conclude that they have grossly abused the appellate process. Pursuant to Federal Rule of Appellate Procedure 38,[1] therefore, we award Appellees reasonable attorneys' fees and instruct the clerk of this Court to assess double costs against the Horoshkos. We remand to the District Court for the calculation of attorneys' fees and instruct the District Court to then enter judgment against the Horoshkos for the appropriate amount. See Rodriguez Alvarez, 898 F.2d at 318. We further instruct the District Court to provide the Horoshkos with a reasonable opportunity to show cause as to why a filing injunction should not be imposed against them, and if the District Court deems such action warranted, to fashion an appropriate injunction. That injunction might, for example, prohibit the Horoshkos from filing any future complaints related to, or arising out of, their foreclosure action in any United States District Court without first obtaining leave from the District Court below. See Malley v. New York City Bd. of Educ., 112 F.3d 69, 69 (2d Cir.1997); Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir.1986) (outlining five factors for district court to consider in determining whether to impose a filing injunction); In re Martin-Trigona, 737 F.2d 1254 (2d Cir.1984).
 
 CONCLUSION
 
 6
 For the foregoing reasons, the judgment of the District Court is affirmed, and this case is remanded to the District Court for further proceedings consistent with this opinion.
 
 
 
 Notes:
 
 
 *
 The Honorable Edward R. Korman, Chief Judge, United States District Court for the Eastern District of New York, sitting by designation
 
 
 [1]
 Rule 38 provides: "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Appellants were notified of the possibility of sanctions from the bench during oral arguments, and given two weeks to provide a letter brief to the Court articulating their position. Appellants failed to respond