14-4556-cv
*Tesler v. Cacace*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of June, two thousand fifteen.

PRESENT:    GUIDO CALABRESI,
            DEBRA ANN LIVINGSTON,
                        *Circuit Judges*,
            WILLIAM K. SESSIONS,*
                        *District Judge.*

---

MICHAEL TESLER,

        *Plaintiff-Appellant*,

                v.                                          No. 14-4556-cv

SUSAN CACACE, COUNTY OF WESTCHESTER,

        *Defendants-Appellees*.

---

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | RONALD R. PODOLSKY, ESQ., Brooklyn, NY. |
| FOR DEFENDANT-APPELLEE SUSAN CACACE: | ANDREW KENT, Senior Counsel to the Solicitor General (Anisha S. Dasgupta, Deputy Solicitor General, and Barbara D. Underwood, Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY. |

---

        * The Honorable William K. Sessions, of the United States District Court for the District of Vermont, sitting by designation.

FOR DEFENDANT-APPELLEE
COUNTY OF WESTCHESTER:

THOMAS G. GARDINER, Sr. Assistant County Attorney
(James Castro-Blanco, Chief Deputy County Attorney, *on the brief*), *for* Robert F. Meehan, County Attorney for the County of Westchester.

_____

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Michael Tesler ("Tesler") appeals the judgment of the District Court for the Southern District of New York (Seibel, J.), granting the motions to dismiss of Defendants-Appellees Susan Cacace ("Cacace") and the County of Westchester (the "County," and together with Cacace, "Defendants"). Tesler filed this action in response to an administrative decision rendered by Cacace pursuant to N.Y. Penal Law § 400.00(11) in which she granted the County's application to revoke Tesler's Westchester County pistol permit. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

Tesler's complaint alleges, *inter alia*, that the decision revoking his pistol permit violated his rights under the Second Amendment of the United States Constitution, N.Y. Civil Rights Law § 4, and the Law Enforcement Officers Safety Act, 18 U.S.C. § 926C ("LEOSA"). The complaint contains two claims. The first requests a declaratory judgment stating that at the time of revocation, Tesler "was and remains authorized to carry concealed firearms nationwide as a qualified retired law enforcement officer as defined in [LEOSA]."[1] Jt. App'x 15. His second

_____

[1] LEOSA permits an individual who is a "qualified retired law enforcement officer [as that term is defined in 18 U.S.C. § 926C] and who is carrying the identification required by subsection (d)" to "carry a concealed firearm" notwithstanding "any other provision of the law of any State." 18 U.S.C. § 926C(a). Both forms of permissible identification set forth in subsection (d) require an individual to have satisfied an annual firearms training requirement. *See* 18 U.S.C. § 926C(d)(2).

2

claim requests that the decision revoking his Westchester County pistol permit be vacated because it violated his rights to carry concealed firearms pursuant to the Second Amendment, N.Y. Civil Rights Law § 4, and his status as a qualified retired law enforcement officer under LEOSA. However, in a declaration in opposition to Defendants' motions to dismiss Tesler's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Tesler's attorney stated that contrary to the allegations in the complaint, Tesler has not taken the annual firearms training course necessary for an individual to be a qualified retired law enforcement officer pursuant to LEOSA. Accordingly, Tesler does not allege that he is currently entitled to carry a firearm pursuant to that statute.

The district court granted the motions to dismiss pursuant to Rule 12(b)(1). It concluded that the declaration of Tesler's counsel limited Tesler's "requested relief to a declaration that [he] is qualified to apply for a LEOSA permit if he takes the necessary course unaffected by the Westchester pistol permit revocation." Jt. App'x 278 (internal quotation marks and alterations omitted). The court reasoned that Tesler's request for such a declaration was not ripe because Tesler "does not qualify for the protection of LEOSA and might never do so." Jt. App'x 278. "[A]ny conflict between LEOSA and local permitting regulations" was therefore not "sufficiently immediate." *Id.*

In reviewing a district court's dismissal of an action under Rule 12(b)(1), we review the district court's factual findings for clear error and its legal conclusions *de novo*. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted).

We agree with the district court that Tesler's request for a declaratory judgment regarding his rights under LEOSA should he complete the necessary training course is not ripe for review.

3

By his counsel's own admission, Tesler has not taken the training course required in order for him to be entitled to carry firearms pursuant to LEOSA. He may never do so. Further, should Tesler take such a course in the future, it remains possible that he would be *granted* a firearms permit under LEOSA, or denied a permit for reasons having nothing to do with the decision revoking his Westchester County pistol permit. Because any injury related to Tesler's rights under LEOSA is "merely speculative and may never occur," his request for a declaratory judgment clarifying his rights under LEOSA is unripe. *United States v. Balon*, 384 F.3d 38, 46 (2d Cir. 2004).

Tesler argues that the complaint was improperly dismissed because his complaint requests that the permit revocation decision be vacated based not only on LEOSA but also on his rights under the Second Amendment and N.Y. Civil Rights Law § 4. He states that his counsel's declaration did not limit his claims solely to his request for a declaratory judgment regarding his rights under LEOSA, because in that declaration his counsel also argued that Tesler's case was not moot because his complaint seeks "restoration of his right to carry firearms as it existed" prior to the events that precipitated the revocation of his Westchester County pistol permit. Jt. App'x 194. Nevertheless, pursuant to Rule 12(b)(6), that claim was properly dismissed because his assertions of rights under the Second Amendment and N.Y. Civil Rights Law § 4 are conclusory. Tesler does not plead facts that render those allegations plausible on their face and his complaint fails to give Defendants fair notice regarding the specific grounds upon which those allegations rest. *See Bell Atl. Corp. v Twombly*, 550 U.S. 544, 555, 570 (2007). His references to his rights under the Second Amendment and N.Y. Civil Rights Law § 4 are merely "a formulaic recitation of the elements of a cause of action" rather than the "showing" that Rule 8(a)(2) requires. *Id.* at 555. Accordingly, his complaint fails to state a claim upon which relief may be granted. At a pre-motion conference, the district court offered Tesler leave to amend his

4

complaint and he declined. The district court's decision to deny Tesler leave to amend his complaint was therefore not an abuse of discretion. *See Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249-50 (2d Cir. 2004).

We have considered Tesler's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk