13-4784-cv
*Bastuk v. Cty. Of Monroe, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand fifteen.

PRESENT:   DENNY CHIN,
                       CHRISTOPHER F. DRONEY,
                                    *Circuit Judges*,
                       KATHERINE B. FORREST,
                                    *District Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WILLIAM BASTUK,

                                    *Plaintiff-Appellant*,

                       v.                                                        13-4784-cv

COUNTY OF MONROE, PATRICK O'FLYNN, Monroe
County Sheriff, individually and in his official capacity,
INVESTIGATOR PATRICK CROUGH, individually and
in his official capacity, MICHAEL GREEN, former
Monroe County District Attorney, individually and in
her official capacity, KRISTY KARLE, former Monroe
County District Attorney, individually and in his official

---

\*        The Honorable Katherine B. Forrest, of the United States District Court for the Southern District of New York, sitting by designation.

capacity, INVESTIGATOR STEVE PEGLOW,
individually and in his official capacity,

*Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     WILLIAM BASTUK, *pro se*, Rochester, New
                             York.

FOR DEFENDANTS-APPELLEES:    ROBERT P. YAWMAN, III, Deputy County
                             Attorney, Howard A. Stark, Senior Deputy
                             County Attorney, *for* Meredith H. Smith,
                             Monroe County Attorney, Rochester, New
                             York.

Appeal from the United States District Court for the Western District of
New York (Telesca, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant William Bastuk, proceeding *pro se*, appeals the district court's

judgment entered November 20, 2013 dismissing his complaint against defendants-

appellees, Monroe County and certain of its officials.  By decision and order entered

November 19, 2013, the district court granted defendants' motion for judgment on the

pleadings and dismissed Bastuk's complaint under 42 U.S.C. § 1983 with prejudice.  In

his complaint, which was filed with the assistance of counsel, Bastuk asserted claims of

false arrest, false imprisonment, inadequate investigation, malicious prosecution, and

conspiracy on the part of the district attorney and an assistant district attorney, two

county investigators, and the county sheriff based on his arrest for and subsequent

acquittal of rape. Bastuk appeals the district court's dismissal of his false arrest, false imprisonment, and supervisory liability claims, and the district court's alleged failure to address his separate claims regarding his transfer to a psychiatric facility. He explicitly abandons his claims against the prosecutors on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a decision to grant judgment on the pleadings. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Id.* A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Upon review, we conclude that the district court properly granted defendants' judgment on the pleadings. We affirm.

"The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest.'" *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)). Probable cause is also a complete defense to a claim of malicious prosecution. *Stansbury v. Wertman*, 721 F.3d 84, 94-95 (2d Cir. 2013). We agree with the district court's conclusion that, based on Bastuk's own allegations, his arrest was supported by probable cause as a matter of law.

The complainant -- a 16 year-old girl -- identified Bastuk as the man who raped her at a local yacht club eight months earlier. Absent information that would raise doubt as to the complainant's veracity, this was sufficient to support a probable cause determination. *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) ("An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity."). Bastuk argues that the investigators should have been skeptical of these allegations because of the complainant's history of mental illness. But, as Bastuk's own complaint makes clear, the complainant's treating therapist told the police that the complainant "shows all the common signs of a rape victim" and that the doctor "believes her allegations to be true." Bastuk argues that other facts call into question the veracity of the complainant's accusation, but we agree with the district court that none cast serious doubt on the officers' probable cause determination. Furthermore, officers are "not required to explore and eliminate every plausible claim of innocence before making an arrest." *Jaegly v. Couch*, 439 F.3d 149, 153 (2d Cir. 2006).

Because there has been no constitutional violation, Bastuk has also failed to state a claim against Sheriff Patrick O'Flynn on a theory of supervisory liability. *See Blyden v. Mancusi*, 186 F.3d 252, 265 (2d Cir. 1999) ("Of course, for a supervisor to be liable under Section 1983, there must have been an underlying constitutional deprivation.").

- 4 -

Bastuk also argues on appeal that the district court failed to address his claim that he was involuntarily transferred to a psychiatric hospital after being released on bail. The claim fails as none of these particular defendants were alleged to have been involved in that transfer. *See Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (finding an individual liable under § 1983 only "if he was personally involved in the alleged deprivation").

Additionally, Bastuk apparently contends that the district court erred in not granting leave to amend the complaint. While represented by counsel in the district court, however, Bastuk never requested leave to amend his complaint. We review for abuse of discretion a district court's decision to dismiss a complaint with prejudice, *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013), and conclude that the district court did not abuse its discretion here. While leave to amend should be freely granted, "no court can be said to have erred in failing to grant a request that was not made." *Id.* at 126 (internal quotation marks omitted); *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249-50 (2d Cir. 2004) ("The [appellants'] contention that the District Court abused its discretion in not permitting an amendment that was never requested is frivolous.").

We have considered all of Bastuk's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk