17-178-cv
*United States of America ex rel. Tessler v. City of New York*

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand seventeen.

PRESENT:
>DENNY CHIN,
>CHRISTOPHER F. DRONEY,
>>*Circuit Judges,*
>JANE A. RESTANI,
>>*Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA *ex rel.* AKIVA
TESSLER,

>*Plaintiff-Appellant*,

FELIX GONZALEZ,

>*Plaintiff*,

> v.                                                                       17-178-cv

---

\*  Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

CITY OF NEW YORK,

                    *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | AKIVA TESSLER, *pro se*, New York, New York. |
| FOR DEFENDANT-APPELLEE: | DEBO P. ADEGBILE, Boyd M. Johnson III, David W. Ogden, Saurabh H. Sanghvi, Wilmer Cutler Pickering Hale and Dorr LLP, New York, New York and Washington, DC.<br><br>Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Akiva Tessler, proceeding *pro se*, appeals from a judgment entered December 20, 2016, dismissing his qui tam action brought under the False Claims Act (the "FCA"), 31 U.S.C. §§ 3729–3733, against defendant-appellee City of New York (the "City"). Tessler's second amended complaint (the "SAC") asserted two categories of claims. First, it alleged that the City failed to recoup overpayments of benefits for the Supplemental Nutrition Assistance Program and Temporary Assistance

2

for Needy Families Program, as required by statute and regulations, and then sought reimbursement for those overpayments from the Government (the "aid-to-continue claims"). Second, it alleged that the City failed to redetermine the eligibility of recipients to participate in a Medicare Savings Program (the "MSP claims"). By opinion and order entered December 16, 2016, the district court granted the City's motion to dismiss the SAC for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all factual allegations in the complaint, that requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

The FCA imposes civil liability on "any person who . . . knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a). "[F]raud under the FCA has two components: the defendant must submit or cause the submission of a claim for payment to the government, and the claim

3

for payment must itself be false or fraudulent."  *United States ex rel. Chorches as Trustee for Bankr. Estate of Fabula v. Am. Med. Response, Inc.* ("*Fabula*"), 865 F.3d 71, 83 (2d Cir. 2017) (alteration in original) (quoting *Hagerty ex rel. United States v. Cyberonics, Inc.*, 844 F.3d 26, 31 (1st Cir. 2016)).

FCA complaints are subject to Federal Rule of Civil Procedure 9(b), which provides that "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud."  *Fabula*, 865 F.3d at 81 (alteration in original) (quoting Fed. R. Civ. P. 9(b)).  "That ordinarily requires a complaint alleging fraud to (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *Id.* (citation and quotation marks omitted).  To comply with Rule 9(b), the complaint must be supported by more than "conclusory statements" or "hypotheses," and it must set forth "particularized allegations of fact."  *See United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 26–27 (2d Cir. 2016).  Rule 9(b) permits scienter to be averred generally, but "we have repeatedly required plaintiffs to plead the factual basis which gives rise to a strong inference of fraudulent intent."  *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 676 (2d Cir. 1991) (internal quotation marks omitted); *see also Universal Health Servs., Inc. v. United States ex rel. Escobar,* 136 S. Ct. 1989, 2002 (2016) (observing that FCA's scienter requirement is "rigorous").

4

## I. Aid-to-Continue Claims

We agree with the district court that the SAC's aid-to-continue claims failed to include particularized allegations of fact sufficient to satisfy Rule 9(b). The SAC alleges in conclusory fashion that there was a "custom and practice" at the City of not recouping aid-to-continue benefits, but it fails to provide particularized facts to support that assertion. Tessler does not, for example, set forth the origins or details of the custom and practice or identify the employees who purportedly implement it. Tessler provides a list of 28 hearings in which he observed that the recipient lost and alleges that the benefits were "required to be recouped" and "exceeded any relevant thresholds," as well as statistics from a database showing few fair hearings addressing recoupment. Appellant's Br. 24. But the SAC does not contain any details as to why these benefits were required to be recouped. Moreover, as the district court noted, under applicable law and guidelines, the City is not obligated to recoup overpayments unless they exceed certain thresholds. *See* 7 C.F.R. § 273.18(e)(2)(i); N.Y.S. Office of Temporary and Disability Assistance, Administrative Directive 05-ADM-15 (Sept. 6, 2005), *available at* https://otda.ny.gov/policy/directives/2005/ADM/05-ADM-15.pdf; 18 N.Y.C.R.R. § 352.31(d)(5).

In *Fabula*, we clarified that a relator who has personal knowledge that records are falsified need not necessarily have personal knowledge that those records

5

were actually submitted where the factual allegations made it highly plausible that the employer submitted falsified records. 865 F.3d at 82-86. Fabula, an emergency medical technician, alleged that his employer directed him to falsify patient care reports for ambulance transports so that they would qualify for Medicare reimbursement. *Id.* at 76-77. Fabula had no access to his employer's billing department and therefore could not personally verify whether any of his reports were actually submitted to the Government. *Id.* at 82. We held that Fabula could plead submission on information and belief because submissions were uniquely within his employer's knowledge and control and Fabula's factual allegations made it highly plausible that Fabula's employer submitted the falsified records. *Id.* at 83-86.

Unlike Fabula, however, Tessler fails to plausibly allege that the City submitted false or fraudulent claims for payment. Tessler lacked personal knowledge that the City failed to recoup the aid-to-continue overpayments to those recipients, and that the City submitted claims for federal reimbursement for any unrecouped overpayments. The SAC alleges only "hypotheses" and conclusory allegations. For these reasons, the SAC fails to plead the aid-to-continue claims with particularity as required by Rule 9(b).

II.    **MSP Claims**

As to the MSP claims, the SAC does not set forth a sufficient factual basis to

6

give rise to a strong inference of fraudulent intent. *See O'Brien*, 936 F.2d at 676. Tessler asserted that the City's failure to redetermine recipients' eligibility for MSP benefits was "knowing and/or intentional, and/or [resulted from] reckless disregard and/or deliberate ignorance." J.A. 67. The district court, however, was not required to credit those legal conclusions. *See Iqbal*, 556 U.S. at 678. While the SAC alleges that the City knew it failed to recertify over one thousand MSP recipients, the allegations do not support a strong inference of fraudulent intent; indeed, the SAC does not plausibly allege that anyone at the City knew, or was reckless in not knowing, that the City was causing false claims to be presented to the federal government on behalf of individuals who were ineligible to receive benefits. Tessler's MSP claims thus fall short of Rule 9(b) and FCA scienter requirements.

## III. Denial of Leave to Amend

A district court "has broad discretion in determining whether to grant leave to amend" and leave "should generally be denied in instances of futility . . . [or] repeated failure to cure deficiencies by amendments previously allowed." *Ladas*, 824 F.3d at 28 (citation and quotation marks omitted). We review the district court's futility finding *de novo* and its decision to deny leave to amend a complaint for abuse of discretion. *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015). Tessler's "contention that the District Court abused its discretion in not permitting an amendment

7

that was never requested is frivolous." *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249–50 (2d Cir. 2004). Further, Tessler failed "to explain how [he] proposed to amend the complaint to cure its defects." *See F5 Capital v. Pappas*, 856 F.3d 61, 90 (2d Cir. 2017). Moreover, Tessler had three opportunities to present his complaint and there is no indication that a third amended complaint would address the aforementioned issues. For these reasons, it was not an abuse of discretion for the district court to deny Tessler an opportunity to further amend.

We have considered Tessler's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8