17-2659-cv
*Doc. Techs., Inc., et al. v. LDiscovery, LLC, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand eighteen.

PRESENT:   RICHARD C. WESLEY,
                    DENNY CHIN,
                    SUSAN L. CARNEY,
                                *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DOCUMENT TECHNOLOGIES, INC., EPIQ
SYSTEMS, INC., EPIQ EDISCOVERY SOLUTIONS,
INC.,
                      *Plaintiffs-Appellants*,

                      v.                                            17-2659-cv

LDISCOVERY, LLC, CHRISTOPHER WEILER,
                      *Defendants-Appellees*,

STEVE WEST, JOHN PARKER, SETH KREGER, MARK
HOSFORD,
                      *Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS: ELLIOT H. SCHERKER (David W. Long-Daniels, James M. Vant, *on the brief*), Greenberg Traurig, LLP, Miami, Florida, Atlanta, Georgia, Boston, Massachusetts.

FOR DEFENDANTS-APPELLEES: C. BRYAN WILSON (Joseph G. Petrosinelli, Kenneth J. Brown, Joshua D. Tully, *on the brief*), Williams & Connolly LLP, Washington, DC.

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Document Technologies, Inc., Epiq Systems, Inc., and Epiq eDiscovery Solutions, Inc. (collectively, "DTI") appeal from a July 27, 2017, judgment dismissing with prejudice DTI's action against defendants-appellees LDiscovery, LLC, and its Chief Executive Officer, Christopher Weiler (together, "LDiscovery").  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In April 2017, DTI filed three separate lawsuits that were later consolidated in the Southern District of New York.  In its complaints, DTI alleged, among other things, that its former employees (the "Individual Defendants") conspired with its direct competitor, LDiscovery, to misappropriate DTI's trade secrets and solicit DTI's clients in violation of the employees' employment agreements and state and

- 2 -

federal law. DTI alleged that LDiscovery (1) communicated extensively with the former employees before their resignations from DTI, (2) agreed to indemnify the former employees against lawsuits by DTI, and (3) agreed to compensate the employees with significant sums of money. LDiscovery moved to dismiss the complaint.

On June 26, 2017, the district court granted LDiscovery's motion to dismiss the complaint without prejudice (the "June 26 Order"). While the motion was pending, however, DTI filed an amended complaint, which added two new factual allegations: (1) the former employees accessed DTI's confidential customer relationship management software ("CRM") "just prior to or around the time" of their meeting with LDiscovery's CEO, App. 145 ¶ 122, and did so for the purpose of receiving a "full [commission] credit" from LDiscovery for DTI customers brought to LDiscovery, App. 152 ¶ 158, and (2) the former employees emailed LDiscovery "confidential information detailing [the employees'] historical sales revenue and performance with DTI," App. 144 ¶ 112, and LDiscovery thus misappropriated DTI's trade secret information.

Because the parties had yet to brief the motion to dismiss in light of DTI's amended complaint, the court dismissed the original complaint "without prejudice to DTI's possibly amending the pleadings in timely fashion." App. 243. LDiscovery then moved to dismiss the amended complaint with prejudice on July 12, 2017, and DTI filed its opposition on July 19, 2017.

On July 22, 2017, the district court granted LDiscovery's motion to dismiss the amended complaint with prejudice. The court concluded that DTI's amended complaint "largely repeats the same factual allegations that the Court found insufficient in its June 26 Order," and all of DTI's claims were premised on the same set of inadequate allegations. Sp. App. 4. It further determined that the "two additional allegations [added in the amended complaint] . . . fail[ed] to move DTI's theories from the conclusory into the realm of plausible liability." Sp. App. 5 (internal quotation marks omitted). Additionally, "because DTI ha[d] stated that it intend[ed] to 'stand on [its] amended complaint,' and ha[d] 'no immediate plans to seek leave to amend it,'" the district court granted the motion to dismiss with prejudice. Sp. App. 8-9 (quoting D. Ct. ECF No. 79 ¶ 2).

We review *de novo* the dismissal of a complaint for failure to state a claim under Rule 12(b)(6), accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *Allco Fin. Ltd. v. Klee*, 861 F.3d 82, 94 (2d Cir. 2017). To survive a motion to dismiss, "the claim asserted must be one that, in light of the factual allegations, is at least 'plausible.'" *Anderson News*, *LLC v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has facial plausibility where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal may be with

prejudice when there is an "absence of any indication that [a plaintiff] could -- or would -- provide additional allegations" to support a plausible claim. *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011); *see also Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, No. 08-cv-7508, 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009) (dismissal may be with prejudice when "a court puts a plaintiff on notice of a complaint's deficiencies and the plaintiff fails to correct those deficiencies after amendment").

We conclude that the district court properly dismissed the amended complaint with prejudice. First, we agree with the district court that DTI failed to plead facts that give rise to a plausible inference that LDiscovery engaged in any wrongdoing. Second, we agree with the district court that dismissal with prejudice was proper here.

### 1. Plausibility of DTI's Allegations

First, there appears no basis in the amended complaint from which we can plausibly infer that LDiscovery is liable for the misconduct alleged. *See Iqbal*, 556 U.S. 662. The amended complaint did not identify a single customer who was actually brought to LDiscovery. Nor does there appear any support for DTI's contention that the Individual Defendants had not fully complied with their one-year non-competition covenants. Indeed, the amended complaint alleges only that while the Individual Defendants did enter into agreements with LDiscovery while still employed with DTI, they agreed not to work for a year -- to "Sit Out" for a year -- to comply with the one-year non-compete period. App. 147 ¶ 133.

- 5 -

The plain language of LDiscovery's Proposed Final Term Sheet and the executed agreements between the former employees and LDiscovery -- which are incorporated by reference into DTI's amended complaint -- further belies DTI's conclusory allegation that LDiscovery incentivized the employees to breach their non-competition and employment agreements with DTI. *See Allco Fin.*, 861 F.3d at 97-98 n.13 ("For the purpose of a motion to dismiss . . . the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated by reference." (internal quotation marks omitted)); *accord Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005). The employment agreement expressly provides that the former employees *would not receive commissions* until "after the end of the Sabbatical Year" for any clients brought to LDiscovery. D. Ct. ECF No. 79, Ex. 2 (emphasis added). Additionally, the proposed indemnification terms expressly state that LDiscovery's offer of indemnity would end if the former employees engaged in any "material misconduct . . . relating directly to the issues of [the employees'] contemplated transitions." D. Ct. ECF No. 79, Ex. 1 ¶ 11.

We agree with the district court that DTI's other allegations also fail to plausibly support DTI's theory of liability because (1) the fact that LDiscovery engaged in communications with the former employees prior to their employment offers says "nothing about the content of these communications," Sp. App. 3; and (2) the fact that the former employees received "extraordinary" compensation packages does not by

- 6 -

itself plausibly give rise to the inference that LDiscovery engaged in wrongdoing, App. 148 ¶ 137. The amended complaint did not compare salaries and bonuses with what the employees were earning at DTI, nor did it provide any factual support to suggest that the employees' compensation was contingent on or reward for the misappropriation of DTI's trade secrets or solicitation of DTI's clients in violation of their employment agreements.

Furthermore, we agree with the district court that the two factual allegations added in DTI's amended complaint fail to move DTI's theories into the "realm of plausible liability," *Twombly*, 550 U.S. at 557 n.5, because: (1) LDiscovery's commission offer could not have incentivized the former employees to inappropriately access the CRM system, as the former employees "would not receive credit for any work generated during the period of their non-competition covenant and would forfeit their right of indemnification . . . should a court find that they violated the terms of their employment agreements with DTI," Sp. App. 7; and (2) DTI failed to plead that LDiscovery misappropriated its trade secrets because it only alleged that the Individual Defendants revealed their own historical sales revenue and performance, without identifying names of clients, and because DTI failed to plead that LDiscovery or Weiler ever used that information, *see Faively Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 117 (2d Cir. 2009) ("To succeed on a claim for the misappropriation of trade secrets under New York law, a party must demonstrate: (1) that it possessed a trade secret, and

(2) that the defendants used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means.") (quoting *N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 43-44 (2d Cir. 1999)).

### 2. Dismissal with Prejudice

As to the second issue -- whether dismissal with prejudice is proper -- we conclude that it was. DTI was given adequate notice and opportunity to amend the deficiencies in its complaint and failed to do so. The district court granted the motion to dismiss the amended complaint for substantially the same reasons it set forth in its June 26 Order dismissing DTI's original complaint. Moreover, LDiscovery raised DTI's pleading deficiencies in its motion to dismiss the amended complaint. DTI had ample opportunity to respond or seek leave to amend, taking into account the court's ruling on the initial complaint and the arguments set forth in LDiscovery's motion. *See Horoshko v. Citibank, N.A.*, 373 F.3d 248, 250 (2d Cir. 2004) (per curiam) (rejecting argument that the district court had erred "in not permitting an amendment that was never requested" as "frivolous"). Nevertheless, DTI represented to the district court that it intended to "stand on [its] amended complaint," and had "no immediate plans to seek leave to amend." App. 314-15. "While leave to amend under the Federal Rules of Civil Procedure is 'freely granted,' *see* Fed. R. Civ. P. 15(a), no court can be said to have erred in failing to grant a request that was not made." *Gallop*, 642 F.3d at 369.

Therefore, "in the absence of any indication that [DTI] could -- or would -- provide additional allegations that might lead to a different result, the District Court did not err in dismissing [its] claim[s] with prejudice." *Id.*; *see also Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 252 (2d Cir. 2017) (stating that the district court properly denied plaintiff's motion for leave to amend because the plaintiff "identified no particular facts that would be introduced into an amended complaint" to cure the deficiencies).

We have considered DTI's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk