*U.S. ex rel. D.O. Stephen Sisselman v. Zocdoc, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand twenty-five.

Present:
> JOHN M. WALKER, JR.,
> DENNY CHIN,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA EX REL. D.O. STEPHEN SISSELMAN,

> *Plaintiff-Appellant,*

v.                                                          24-2807

ZOCDOC, INC.,

> *Defendant-Appellee\**

---

FOR PLAINTIFF-APPELLANT:                GEOFFREY R. KAISER, Kaiser Law Firm, PLLC, Uniondale, NY; Daniel J. Kaiser, Kaiser Saurborn & Mair, P.C., New York, NY.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR DEFENDANT-APPELLEE:                    EDWARD B. DISKANT, McDermott Will &
                                                    Emery LLP, New York, NY.

Appeal from a judgment of the United States District Court for Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2022, relator Stephen Sisselman, D.O., brought a *qui tam* action alleging that Zocdoc's pricing model violates the Anti-Kickback Statute ("AKS") and False Claims Act ("FCA"). The government declined to intervene. Zocdoc moved to dismiss Sisselman's second amended complaint, which the district court granted. On appeal, Sisselman argues that the district court erred in dismissing the complaint and denying leave to amend. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

## I.      Dismissal for Failure to State a Claim

"We review *de novo* the decision to dismiss causes of action for failure to state a claim for relief." *In re 305 E. 61st St. Grp. LLC*, 130 F.4th 272, 278 (2d Cir. 2025) (internal quotation marks omitted). "In doing so, we accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor." *Id.* (cleaned up).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). FCA claims are claims of fraud and thus "are subject to the heightened pleading standard found in Federal Rule of Civil Procedure 9(b)." *Miller v. U.S. ex rel. Miller*, 110 F.4th 533, 543 (2d Cir. 2024). "To satisfy Rule 9(b), a complaint alleging fraud ordinarily must (1) specify the

2

statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Id.* at 543-44 (internal quotation marks omitted).

Here, Sisselman alleged that Zocdoc's "so-called 'booking fee' . . . is actually a referral fee or marketing 'success fee'" that pushes "Medicare, Medicaid and other Federal Health Care Program beneficiaries to medical providers willing to pay the fee for each new patient booked through Zocdoc." App'x at 35. The complaint asserted that this fee was calculated based on "the estimated annual reimbursement value of the referral to the provider's medical specialty," as opposed to fair market value, and that Zocdoc "withheld this highly material information when it sought [the Office of Inspector General of the Department of Health and Human Services' ("OIG")] approval." *Id.* at 49-50. The complaint also alleged that Zocdoc "implemented a secret caste system" through which providers who paid the booking fees were more visible on the platform than those who paid only the annual subscription, a "sleight of hand" that was not "disclosed to regulators." *Id.* at 51.

The OIG issued two Advisory Opinions ("AOs") that expressly addressed these concerns while nevertheless concluding that Zocdoc's challenged practices "implicate[d]" the AKS without violating the statute.[1] *Id.* at 126, 150. For example, AO 19-04 recognized that "the fee per new-patient appointment booking varies . . . by Providers' *medical specialty*, geographic location, and

---

[1] In deciding a Rule 12(b)(6) motion, a court may "consider . . . documents incorporated by reference in the complaint." *Revitalizing Auto Comtys. Env't Response Tr. v. Nat'l Grid USA*, 92 F.4th 415, 436 (2d Cir. 2024) (internal quotation marks omitted). Here, the complaint "discusses in detail but does not annex as an exhibit" AO 19-04 and AO 23-04. App'x at 243. The documents were thus "properly considered on this motion to dismiss." *Id.*

3

in certain circumstances, other relevant factors that affect fair market value." App'x at 120 (emphasis added). It also noted that "while more . . . new-patient bookings . . . would result in Providers paying higher fees to [Zocdoc], higher fee payments would not result in more frequent appearances, or favorable placements, in Marketplace Results." *Id.* at 124. AO 19-04 concluded that Zocdoc's fee system "would present a low risk of fraud and abuse under the [AKS]" for several reasons, including the fact that the fees "do not, and would not, vary directly based on the volume or value of Federal health care program business generated by the Marketplace." *Id.* AO 23-04 similarly noted that Zocdoc's new-patient fee was calculated based on factors including "medical specialty" and examined in detail how "Providers who have reached their spending cap would appear" in search results on the Marketplace. *Id.* at 140, 142-44; *see also id.* at 147 (acknowledging that per-booking fees "vary by . . . medical specialty"). It too concluded that "the risk of fraud and abuse . . . is sufficiently low under the [AKS] for OIG to issue a favorable advisory opinion." *Id.* at 147. Thus, as the district court correctly described, "Sisselman does little more than apply conclusory labels to *the exact practices and fees* discussed by the OIG" in his complaint. *Id.* at 252 (emphasis added). Moreover, the complaint did not "plausibly allege that Zocdoc misled the OIG or implemented its fees in a manner inconsistent with either Advisory Opinion." *Id.* at 248.

The complaint also does not plausibly allege that Zocdoc acted with the scienter required by the FCA and the AKS. The complaint points only to "isolated phrases in what were essentially sales and marketing communications that [Sisselman] received as a Zocdoc customer." *Id.* at 233. It provides no factual basis giving rise to a "strong inference of fraudulent intent." *U.S. ex rel. Hart v. McKesson Corp.*, 96 F.4th 145, 153 (2d Cir. 2024) (internal quotation marks

4

omitted). The district court thus did not err in dismissing the complaint for failure to state a claim for relief.

## II. Denial of Leave to Amend

"We generally review a district court's decision to permit or deny leave to amend a complaint for abuse of discretion, keeping in mind that leave to amend should be freely granted when justice so requires." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015) (internal quotation marks omitted). "However, when denial of leave to file a revised pleading is based on a legal interpretation, such as futility, a reviewing court conducts a *de novo* review." *Id.*

"Leave to amend may properly be denied if the amendment would be futile, as when the proposed new pleading fails to state a claim on which relief can be granted." *Krys v. Pigott*, 749 F.3d 117, 134 (2d Cir. 2014) (citations omitted). A district court is under "no obligation" to provide a plaintiff leave to amend his complaint when he "fail[s] to disclose what additional allegations [he] would make which might lead to a different result" and offers merely "conclusory assertion[s]" that amendment would cure the complaint's deficiencies. *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004) (per curiam).

The district court correctly determined that Sisselman's complaint should be dismissed with prejudice because "Sisselman ha[d] already filed three iterations of his complaint." App'x at 255. In addition, "[w]ith Zocdoc's motion to dismiss in hand, Sisselman [did] not explain what he would add to cure the deficiencies outlined in Zocdoc's motion." *Id.* Sisselman similarly does not make this showing on appeal. Instead, he merely contends that he would "address any perceived evidentiary deficiencies" in an amended complaint. Appellant's Br. at 40. We affirm the decision of the district court to deny further leave to amend because Sisselman fails to proffer

5

any additional factual allegations that would cure the deficiencies in his complaint. *See F5 Cap. v. Pappas*, 856 F.3d 61, 89 (2d Cir. 2017) ("Even on appeal, [plaintiff] has still given no clue as to how the complaint's defects would be cured through an amendment[,]" so "we see no error in the district court's denial of leave to amend based on futility." (cleaned up)).

\* \* \*

We have considered the remainder of Sisselman's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6