*Brutus v. Diaz*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand twenty-five.

Present:
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> *Circuit Judges*,
> STEFAN R. UNDERHILL,
> *District Judge.*[*]

---

JEAN BRUTUS,

> *Plaintiff-Appellant*,

v.                                                        24-3311

ANGELA DIAZ, NEW YORK CITY DEPARTMENT OF EDUCATION,

> *Defendants-Appellees.*[†]

---

[*] Judge Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.

[†] The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR PLAINTIFF-APPELLANT:          K.C. OKOLI, Law Offices of K.C. Okoli, P.C., New York, NY.

FOR DEFENDANTS-APPELLEES:          IAN M. SINCLAIR, Richard Dearing, Claude S. Platton, *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Jean Brutus brought claims under state tort law and 42 U.S.C. §§ 1981 and 1983 against the New York City Department of Education and Angela Diaz (collectively, "Defendants"). Seeking injunctive relief and money damages, Brutus's complaint alleged that Defendants violated his "constitutionally guaranteed right of privacy by circulating" to the incorrect recipients an email containing "personal private information . . . about [his] job status." Joint App'x at 7. Defendants moved to dismiss and Brutus did not oppose the motion. The district court granted the motion, dismissing the federal claims on the merits and declining to exercise supplemental jurisdiction over the state-law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.      Failure to State a Claim

"Malicious invasions of privacy are constitutionally unacceptable even in the face of weak individual privacy interests." *Hancock v. County of Rensselaer*, 882 F.3d 58, 66 (2d Cir. 2018). But "mere negligence is not enough" to state a constitutional violation, which occurs only when an invasion of privacy is "so arbitrary as to shock the conscience." *Id*. (cleaned up); *see also*

2

*O'Connor v. Pierson*, 426 F.3d 187, 203 (2d Cir. 2005) ("To prevail when challenging executive action that infringes a protected right, a plaintiff must show not just that the action was literally arbitrary, but that it was arbitrary in the constitutional sense." (citation and quotation marks omitted)). Here, Brutus alleged that Defendants were "careless and negligent" in disseminating the email at issue, Joint App'x at 8, and he provides no allegations suggesting the dissemination was intentional. So by his own admission, any privacy violation was accidental. We thus agree with the district court that Brutus failed to state a claim for relief that is plausible on its face.

## II. Leave to Amend

Brutus argues in the alternative that he "should be given the opportunity to move for leave to file an amended complaint." Appellant's Br. at 16. But he failed to request such leave from the district court. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("[N]o court can be said to have erred in failing to grant a request that was not made."). And he offers no "indication that [he] could—or would—provide additional allegations that might lead to a different result," so granting leave to amend would be futile. *Id.*; *see also Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004) ("[A]n amendment is not warranted absent some indication as to what appellants might add to their complaint in order to make it viable." (cleaned up)). Accordingly, we decline to remand for repleading.

*       *       *

3

We have considered Brutus's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4