18-751-cv
Hsin v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of June, two thousand nineteen.

Present:

> DENNIS JACOBS,
> GERARD E. LYNCH,
> *Circuit Judges*,
> JANET C. HALL,[*]
> *District Judge*.

_____

HENRY HANG HSIN, CHENG WEI-HSIN, 43 162 ST. MANAGEMENT, INC., 162 REALTY MANAGEMENT, LLC, LALUDIA MANAGEMENT, INC., MACRUSO MANAGEMENT, INC., E & V CONTROL MANAGEMENT, INC., AND A & J CONSULTING MANAGEMENT, INC.,

> *Plaintiffs-Appellants*,

v.                                                                  18-751

THE CITY OF NEW YORK, RICK D. CHANDLER, DENNIS BURKART, PETER SUN, NORMAN HO, D. ERIC HOYT, MUHAMMAD IMRAN, AND MASSIMO DABUSCO,

> *Defendants-Appellees*,

_____

[*] Judge Janet C. Hall, United States District Court for the District of Connecticut, sitting by designation.

JOHN/JANE DOES, NOS. 1-10,

*Defendants.*[**]

<table>
<tr><td>For Plaintiffs-Appellants:</td><td>Daniel J. Schneider, Farber Schneider Ferrari LLP, New York, NY (Christopher M. Slowik, Klein Slowik PLLC, New York, NY, *on the brief*).</td></tr>
<tr><td>For Defendants-Appellees:</td><td>Antonella Karlin, Assistant Corporation Counsel (Richard Dearing and Kathy Chang Park, on the brief) *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.</td></tr>
</table>

Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne Ross, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs Henry Hang Hsin, Cheng Wei-Hsin, 43 162 St. Management, Inc., 162 Realty Management, LLC, Laludia Management, Inc., Macruso Management, Inc., E & V Control Management, Inc., and A & J Consulting Management, Inc. (collectively, "the *Hsin* plaintiffs") are Asian-American property developers and real estate companies. The *Hsin* plaintiffs brought this lawsuit against the City of New York ("the City"), Assistant Chief Inspector Dennis Burkart ("Burkart"), and several of Burkart's colleagues at the Department of Buildings ("DOB"), alleging that the defendants selectively enforced the City's building codes on the basis of race. The *Hsin* plaintiffs raised claims under the Equal Protection Clause, the Due Process Clause, section 1981 of title 42 of the United States Code, the *Monell* doctrine, and New York tax law.

---

[**] The Clerk of Court is directed to amend the caption as shown above.

2

The United States District Court for the Eastern District of New York (Ross, *J.*) dismissed with prejudice the *Hsin* plaintiffs' federal causes of action under Federal Rule of Civil Procedure 12(b)(6), and it declined to exercise supplemental jurisdiction over the remaining state claim. The *Hsin* plaintiffs now appeal.

Their appeal was heard in tandem with *Hu v. City of New York*, Case No. 18-737-cv, a related but not consolidated action brought by an Asian-American construction worker and Asian-American-owned construction companies ("the *Hu* plaintiffs"). The *Hu* plaintiffs and the *Hsin* plaintiffs filed nearly identical Amended Complaints, and they raise the same issues on appeal. We resolve the *Hu* appeal in a separate Opinion filed simultaneously with this Summary Order. We presume the parties' familiarity with the facts and procedural history of this case, as well as with the issues on appeal.

We review *de novo* a district court's dismissal of a complaint under Rule 12(b)(6). *Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 232 (2d Cir. 2014). For the purposes of such a review, "this Court must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 63 (2d Cir. 2011) (internal quotation marks omitted). Nevertheless, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Progressive Credit Union v. City of New York*, 889 F.3d 40, 48 (2d Cir. 2018) (internal quotation marks omitted).

The *Hsin* plaintiffs' Equal Protection claim proceeds under the theory of *LeClair v. Saunders*, 627 F.2d 606 (2d Cir. 1980).[1] To prevail on such a claim, a plaintiff must prove that "(1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." *Zahra v. Town of Southold*, 48 F.3d 674, 683 (2d Cir. 1995) (quoting *FSK Drug Corp. v. Perales*, 960 F.2d 6, 10 (2d Cir. 1992)). The District Court dismissed the *Hsin* plaintiffs' *LeClair* claim for failure to plausibly allege a similarly situated comparator that was treated differently by the defendants. Our Opinion in the *Hu* action sets forth the similarity standard for a *LeClair* selective enforcement claim. To satisfy this standard, the *Hsin* plaintiffs must plausibly allege facts showing a "reasonably close resemblance" between themselves and a proffered comparator. *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000).

The *Hsin* plaintiffs and the *Hu* plaintiffs rely on the same four comparisons, namely: (1) comparisons between white workers and Asian workers at the 34th Avenue Jobsite; (2) comparisons between a non-Asian construction company at the West 22nd Jobsite and Asian construction professionals at the College Point Jobsite; (3) comparisons between a non-Asian subcontractor and an Asian general contractor at the 43-05 162nd Street Jobsite; and (4) a statistical comparison between Burkart and other DOB inspectors that suggests that Burkart sanctioned Asians at higher rates than his colleagues did. We discuss these comparators in detail in the *Hu* Opinion, concluding that the 34th Avenue Jobsite raises a plausible inference that the

---

[1] While the *Hsin* plaintiffs only alleged a *LeClair* claim for race-based discrimination, the *Hu* plaintiffs brought their Equal Protection claims under both the theory of *LeClair* and the class of one theory set forth in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000).

defendants treated the *Hu* plaintiffs less favorably than another similarly situated. In contrast, we conclude in this Summary Order that none of the comparators plausibly support the *Hsin* plaintiffs' *LeClair* claim for race-based selective enforcement.

With respect to the first two proffered comparators, the *Hsin* plaintiffs do not allege that they worked at or were otherwise involved with the 34th Avenue Jobsite or the College Point Jobsite. To prevail on their Equal Protection claim, however, the *Hsin* plaintiffs must allege specific instances in which they themselves were treated differently than another similarly situated. *See Albert v. Carovano*, 851 F.2d 561, 573 (2d Cir. 1988) ("To support a claim of selective enforcement, appellants must allege purposeful and systematic discrimination by specifying instances in which they were singled out for unlawful oppression in contrast to others similarly situated." (internal quotation marks and alterations omitted, emphasis omitted)). Thus, because the first two proffered comparators do not implicate the *Hsin* plaintiffs in any way, they cannot satisfy the similarity requirements for the *Hsin* plaintiffs' Equal Protection claim.

The third proffered comparator fails because the *Hsin* plaintiffs make no attempt to draw comparisons between themselves and this comparator. Specifically, the Amended Complaint alleges that 43 162 Management, a plaintiff in the *Hsin* action, was the owner of the 43-05 162nd Street Jobsite. The *Hsin* plaintiffs further allege that Burkart permitted work at this location to continue when Vera Construction, a non-Asian company, was responsible for the construction site, but that Burkart stopped all work on the jobsite once Vera Construction completed its work and 43 162 Management took over responsibility for the site as its general contractor. However, the *Hsin* plaintiffs do not allege facts suggesting that 43 162 Management, as the general contractor and owner of the property, was similarly situated to Vera Construction, a company

5

contracted to do foundation work at the jobsite. Instead, the Amended Complaint oddly draws comparisons between Vera Construction and the *Hu* plaintiffs.

Finally, the *Hsin* plaintiffs cannot rest their *LeClair* claim on statistics comparing Burkart's enforcement practices to those of his colleagues. As we explained in the *Hu* Opinion, statistics alone cannot satisfy the similarly situated requirement for an Equal Protection claim for selective enforcement. *See Albert*, 851 F.2d at 573 (holding that a plaintiff's selective enforcement claim must "specify[ ] instances" in which they have been treated differently from "others similarly situated"); *see also Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (dismissing a class of one Equal Protection claim for failure to "allege specific examples" of similarly situated comparators).

We therefore affirm the District Court's dismissal of the *Hsin* plaintiffs' Equal Protection claim, concluding that none of the *Hsin* plaintiffs' proffered comparators satisfy the similarity standard for a *LeClair* cause of action. The *Hsin* plaintiffs' failure to plausibly allege a similarly situated comparator is also fatal to their section 1981 claim because "plaintiffs must meet the same pleading standard for their § 1981 claims as for their § 1983 claims under the Equal Protection Clause."[2] *Brown v. City of Oneonta, New York*, 221 F.3d 329, 339 (2d Cir. 2000). Accordingly, we affirm the District Court's dismissal of the *Hsin* plaintiffs' section 1981 claim for race-based interference with their right to make and enforce contracts.

For the reasons set forth in the *Hu* Opinion, we also affirm the District Court's dismissal of the *Hsin* plaintiffs' Due Process claim and *Monell* claim. We further conclude that the court below did not abuse its discretion in dismissing the *Hsin* plaintiffs' federal claims with prejudice,

---

[2] As we explain in our Opinion in the *Hu* action, the similarity standard for a *LeClair* claim is identical to the similarity standard for a section 1981 claim.

6

as the *Hsin* plaintiffs never sought leave from the District Court to amend their Amended Complaint. *See Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249–50 (2d Cir. 2004) ("[The] contention that the District Court abused its discretion in not permitting an amendment that was never requested is frivolous."). As for the *Hsin* plaintiffs' argument that the District Court abused its discretion by declining to exercise supplemental jurisdiction over their state law claim, we find that this argument is without merit. The District Court dismissed the Amended Complaint well before trial, and we see no reason to depart from the general rule that, "where the federal claims are dismissed before trial, the state claims should be dismissed as well." *New York Mercantile Exch., Inc. v. IntercontinentalExchange, Inc.*, 497 F.3d 109, 119 (2d Cir. 2007). For the reasons set forth in the *Hu* Opinion, we conclude that the *Hsin* plaintiffs' remaining arguments are also meritless. Accordingly, the judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk