25-1412-cv
Kurmangaliyev v. City of New York

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty-six.

PRESENT: DENNY CHIN,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges*.

-------------------------------------------------------------------

SAIT ANVARBEKOVICH
KURMANGALIYEV,

*Plaintiff-Appellant*,

v.                                                          No. 25-1412-cv

CITY OF NEW YORK, NEW YORK
CITY DEPARTMENT OF FINANCE,
OFFICE OF THE SHERRIFF OF THE
CITY OF NEW YORK, QUEENS
COUNTY SHERIFF'S
DEPARTMENT, QUEENS COUNTY
DEPUTY SHERRIF MARZAN,
JOHN DOE SHERIFF DEPUTY #1,
JOHN DOE SHERIFF DEPUTY #2,

JOHN DOE SHERIFF DEPUTY # 3,
JOHN DOE SHERIFF DEPUTY # 4,
JOHN DOE SHERIFF DEPUTY # 5,
(QUEENS COUNTY SHERIFF
DEPUTIES),

*Defendants-Appellees.*

-------------------------------------------------------------------

| FOR PLAINTIFF-APPELLANT: | SAIT ANVARBEKOVICH KURMANGALIYEV, *pro se*, Brooklyn, NY |
|---|---|
| FOR DEFENDANTS-APPELLEES: | MACKENZIE FILLOW (Deborah A. Brenner, *on the brief*), of Counsel, *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY |

Appeal from a judgment of the United States District Court for the Eastern District of New York (LaShann DeArcy Hall, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED as MODIFIED.

Sait Anvarbekovich Kurmangaliyev, representing himself, appeals from the June 2, 2025 judgment of the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*) dismissing his claims under 42 U.S.C. § 1983 for malicious prosecution and violations of his rights under the Fourth

2

and Fourteenth Amendments and declining to exercise supplemental jurisdiction over his state law claims. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6) [of the Federal Rules of Civil Procedure], construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Romanova v. Amilus Inc.*, 138 F.4th 104, 108 (2d Cir. 2025) (quotation marks omitted). Kurmangaliyev argues principally that the District Court erred in dismissing his amended complaint with prejudice, especially because he was proceeding *pro se*. We are not persuaded.

First, we agree with the District Court that Kurmangaliyev's amended complaint does not plausibly allege that his 27-minute traffic stop was an unconstitutional seizure.

To the contrary, Kurmangaliyev acknowledges that his license plate had "some minor dirt spots" on it. Suppl. App'x at 13. Because the New York Vehicle and Traffic Law requires number plates to be "kept clean," N.Y. Veh. &

3

Traf. Law § 402(1)(b)(i) (providing that "[n]umber plates shall be kept clean and in a condition so as to be easily readable"), Defendant Deputy Sheriff Marzan had "reasonable suspicion" of a traffic violation based on these dirt spots, *see United States v. Stewart*, 551 F.3d 187, 193 (2d Cir. 2009).[1] Thus, even though Marzan ultimately issued a ticket for an obstructed license plate rather than for an unclean one, the stop did not violate Kurmangaliyev's Fourth Amendment rights. *See Ackerson v. City of White Plains*, 702 F.3d 15, 19–20 (2d Cir. 2012) (holding that whether probable cause existed for the charge "actually invoked" is irrelevant as long as probable cause existed for some offense (quotation marks omitted)).

Second, Kurmangaliyev's malicious prosecution claim fails because a § 1983 malicious prosecution claim "must . . . be premised on a violation of Fourth Amendment rights." *Washington v. Cnty. of Rockland*, 373 F.3d 310, 317 (2d Cir. 2004). Because Kurmangaliyev does not allege that he was "taken into custody, imprisoned, physically detained or seized" in connection with his

---

[1] Kurmangaliyev also argues for the first time in his reply brief that the duration of his stop was unreasonable. We need not decide the issue, however, because we conclude that he failed to raise it before the District Court and has thus forfeited the argument. *See Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 380 n.22 (2d Cir. 2006).

4

appearance before the Traffic Court, this civil proceeding did not "implicate the Fourth Amendment to such a degree as to permit a § 1983 claim." *Id.* at 316.

We also reject Kurmangaliyev's challenge to the District Court's decision to dismiss the action with prejudice. Although the District Court was required to afford Kurmangaliyev special solicitude in his *pro se* submissions, *Alexander v. City of Syracuse*, 132 F.4th 129, 146 (2d Cir. 2025), it "was under no obligation to provide [him] with leave to amend [his] complaint, much less provide such leave *sua sponte*." *See Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004). The District Court gave Kurmangaliyev an opportunity to amend his complaint and even referred him to *pro se* legal assistance to help him do so. Kurmangaliyev has failed to explain how yet another amendment would cure the deficiencies in his complaint that the District Court identified. "In the absence of some indication as to what appellant might add to his complaint in order to make it viable, we see no reason to grant appellant relief in this Court." *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 140 (2d Cir. 2011) (cleaned up).

Finally, we conclude that the District Court's decision to decline supplemental jurisdiction over Kurmangaliyev's state law claims was proper in light of its dismissal of all the federal law claims. *See Bey v. City of New York*, 999

F.3d 157, 171 n.11 (2d Cir. 2021); 28 U.S.C. § 1367(c)(3). As Kurmangaliyev observes, however, the District Court did not specify that its dismissal of the state law claims was without prejudice. No matter. "A dismissal after declining to exercise supplemental jurisdiction *must be* without prejudice." *Phhhoto Inc. v. Meta Platforms, Inc.*, 123 F.4th 592, 601 n.4 (2d Cir. 2024) (emphasis added). We therefore modify the judgment to reflect that the dismissal of his state law claims was without prejudice.

We have considered Kurmangaliyev's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is modified to provide that Kurmangaliyev's state law claims are dismissed without prejudice, and is AFFIRMED as modified.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6